IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE CHRISTOPHER JONES,<br><br>Defendant. | Case No. 2:20-CR-00130 JNP<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER<br><br>Magistrate Judge Jared C. Bennett |

Having read the United States' Motion for Protective Order, the Court hereby finds that a protective order is necessary and appropriate in this case to prevent harmful disclosure of the personal identifying information of various individuals, while still preserving the defendant's right to a fair trial and meaningful discovery. Pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(l), it is hereby ordered:

1. That the United States provide counsel for the defendant an unredacted copy of the discovery in this matter including documents and recordings that contain the personal identifying information of third parties.

2. The unredacted discovery produced pursuant to this order shall not be disclosed or made available for inspection or copying to any person, other than as permitted in Paragraph 3.

3. Unredacted discovery provided pursuant to this order may be further disclosed to the following people: (a) all counsel for the defendant and attorneys that are members of defense counsel's firm; (b) secretaries, paralegals, investigators, forensic accountants and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution; and (c) court officials involved in this case.

4. Redacted discovery may be provided to the defendant on the condition that the full name of the alleged victim(s) (initials may be used), personal identifying data (including date of births and social security numbers), residential address, telephone number(s), email or social media addresses are removed. Likewise, the personal identifying data of any prospective witnesses, their residential addresses, telephone numbers, email or social media addresses must be redacted.

5. The defendant may be shown but not provided a copy of unredacted discovery by counsel for the defendant or other members of the defense team as necessary for hearing and case preparation. These conferences will not be used to provide personal identifying information as set forth paragraph 4 above.

6. Persons obtaining access to the discovery produced pursuant to this order shall use the information only for the preparation and conduct of this criminal trial, and any connected hearings or appeals. No information disclosed pursuant to this order shall be used for any other purpose or any other proceeding.

7.      Within 90 days of the conclusion of this case, all discovery produced pursuant to this order and all copies thereof (other than exhibits of the court) shall be returned to the United States Attorney's Office.  The case shall be considered closed once the time for direct appeal and the time for any other post-conviction relief has lapsed.

8.      Alternatively, counsel for the defendant may retain the unredacted discovery beyond the date the case is closed provided it is only used or disclosed with the consent of the U.S. Attorney's Office or after obtaining a court order authorizing disclosure.

9.      Counsel for the defendant is responsible for employing reasonable measures to control duplication of, and access to, the unredacted discovery.

10.      The provisions of this order governing disclosure and use of the discovery shall not terminate at the conclusion of this criminal prosecution.

DATED this _____ day of April, 2021.

_____
JARED C. BENNETT
United States Magistrate Judge